United States District Court
Southern District of Texas

**ENTERED**

February 24, 2017

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

EULER HERMES NORTH AMERICA
INSURANCE COMPANY, §
§
     Plaintiff, §
§
v. § CIVIL ACTION NO. 4:16-CV-02215
§
ILJIN STEEL AMERICA, INC., §
§
     Defendant. §

<u>**MEMORANDUM AND RECOMMENDATION**</u>

Pending before the court[1] is Defendant's Motion to Dismiss (Doc. 14). The court has considered the motion, the response, the replies, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the motion be **GRANTED.**

## I.  Case Background

This declaratory judgment action centers on the coverage obligations of an insurance policy issued by Plaintiff, Euler Hermes North America Insurance Company ("Euler Hermes") to Defendant, ILJIN Steel America, Inc., ("ILJIN").

### A.  <u>Factual Background</u>

On January 6, 2015, Euler Hermes issued a Domestic Markets Business Credit Insurance Policy ("Policy") to ILJIN as insured.[2]

---

[1]    This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. <u>See</u> Doc. 13, Ord. Dated Aug. 17, 2016.

[2]    <u>See</u> Doc. 1-2, Ex. A to Pl.'s Orig. Verified Compl., Domestic Mkts. Policy Decl. Policy period is shown as January 1, 2015, to June 30, 2016, but the issuance date is shown as January 1, 2016. This appears to be a typographical error.

The Policy includes an agreement that Euler Hermes will insure ILJIN against credit losses arising from the non-payment of amounts due from a covered buyer during the policy period.[3]

On September 3, 2015, ILJIN filed a claim with Euler Hermes for non-payment by a buyer, Tejas Tubular Products, Inc., ("Tejas").[4]  On November 30, 2015, ILJIN filed suit in the 80th Judicial District Court in Harris County, Texas, against Tejas for the unpaid amount.[5] On February 18, 2017, the court was notified that ILJIN and Tejas had settled their lawsuit and entered into a written settlement agreement.[6]

ILJIN also filed claims with Euler Hermes for unpaid invoices from three other buyers: Atlas Tubular, W-B Supply Co., and Hamilton Metals, Inc.[7]  ILJIN similarly brought state court actions against these three buyers based on the allegedly unpaid invoiced sales.[8]  ILJIN's action against Atlas Tubular was filed in the 334th Judicial District Court in Harris County, Texas, on May 16, 2016.[9]

---

[3]    See Doc. 1-2, Ex. A to Pl.'s Orig. Verified Compl., Your Domestic Mkts. Bus. Credit Ins. Policy p. 1.

[4]    See Doc. 19-4, Pl.'s Resp. to Def.'s Mot. to Dismiss, Notification of Claim.

[5]    See Doc. 1, Pl.'s Orig. Verified Compl. p. 6.

[6]    See Doc. 25-1, Ex. 1 to Def.'s Second Suppl. to Mot. to Dismiss p. 10.

[7]    See Doc. 1, Pl.'s Orig. Verified Compl. p. 6.

[8]    See id.

[9]    See Doc. 24, Jt. Disc./Case Mgmt. Plan p. 3.

ILJIN's action against W-B Supply Co. was filed in the 334th Judicial District Court in Harris County, Texas, on June 10, 2016.[10] ILJIN's action against Hamilton Metals, Inc., was filed in the 55th Judical District Court in Harris County, Texas, on November 6, 2015.[11] As of December 8, 2016, all actions were pending.[12]

**B.   Procedural Background**

On June 10, 2016, ILJIN filed a breach of contract petition against Euler Hermes in the 270th Judicial District Court in Harris County, Texas, which centered on the unpaid invoice from Tejas.[13] ILJIN alleged that after filing the claim with Euler Hermes on the unpaid invoice from Tejas, Euler Hermes failed to properly acknowledge the claim, failed to investigate the claim, and improperly denied coverage of the claim.[14]   ILJIN also alleged that Euler Hermes owes the full amount of the Tejas claim, less any settlement payment that ILJIN receives from Tejas.[15]   That suit is related to the present action before the court in that they both involve the Policy issued by Euler Hermes to ILJIN.

After ILJIN filed in state court, Euler Hermes removed the

---

[10]   Id. p. 2.

[11]   Id.

[12]   See id. pp. 2-3.

[13]   See Doc. 14-2, Def.'s Mot. to Dismiss, Pl.'s Orig. Pet.

[14]   See id. p. 4.

[15]   See Doc. 25-1, Ex. 1 to Def.'s Mot. to Dismiss p. 10.

case to federal court alleging diversity jurisdiction.[16]   ILJIN filed a motion to remand, and, on November 2, 2016, the motion to remand was granted.[17]   The state action remains pending.[18]

On July 25, 2016, Euler Hermes filed the present action pursuant to the Federal Declaratory Judgment Act[19] and the Texas Uniform Declaratory Judgments Act.[20]   Euler Hermes seeks a declaration of the rights of the parties regarding the maximum amount of indemnity for all claims where ILJIN had agreed to reductions or settlement of the underlying commercial debt.[21]

On August 22, 2016, ILJIN filed a motion to dismiss pursuant to the Federal Rule of Civil Procedure ("Rule") 12(b)(1) and the Declaratory Judgment Act.[22]   ILJIN requests that the court exercise its discretion under the Declaratory Judgment Act to dismiss the complaint.[23]   ILJIN argues that it should be dismissed because the parallel state action will resolve the same issues.[24]   Euler Hermes

---

[16]   See id. p. 3.

[17]   See Doc. 23, Def.'s Suppl. to Mot. to Dismiss, Ord. Dated Nov. 2, 2016.

[18]   See Doc. 24, Jt. Disc./Case Mgmt. Plan p. 2.

[19]   28 U.S.C. §§ 2201-2202.

[20]   Tex. Civ. Prac. & Rem. Code §§ 37.001-37.011.

[21]   Id. p. 1.

[22]   See Doc. 14, Def.'s Mot. to Dismiss.

[23]   See id. p. 2.

[24]   See id. pp. 1-2.

responded on September 19, 2016.[25]  ILJIN replied on September 26, 2016.[26]  ILJIN filed a supplement on November 7, 2016.[27]  ILJIN filed a second supplement on February 18, 2017.[28]  The court now addresses ILJIN's motion to dismiss.

## II.  Review Standard

The review of ILJIN's motion to dismiss is governed by the Declaratory Judgment Act and principles of abstention.

## A. Declaratory Judgment Act

Under the Declaratory Judgment Act, a district court is authorized, in its discretion, to stay or dismiss an action seeking declaratory judgment. Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).  The Declaratory Judgment Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Id. at 286.  The Court in Wilton reaffirmed the standard originally stated in Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942), that a district court "should ascertain whether the questions in controversy between parties to the federal suit . . . can be better settled in the proceeding pending in the state court." See Wilton, 515 U.S. at 289.  Brillhart also called for courts to consider the scope of the

---

[25]     See Doc. 19, Pl.'s Resp. to Def.'s Mot. to Dismiss.

[26]     See Doc. 20, Def's Reply in Support of Mot. to Dismiss.

[27]     See Doc. 23, Def's. Suppl. to Mot. to Dismiss.

[28]     See Doc. 25, Def's Second Suppl. to Mot. to Dismiss.

pending state court proceeding, whether the claims of all parties may be satisfactorily adjudicated in that proceeding, and whether hearing the declaratory action would represent "gratuitous interference with the orderly and comprehensive disposition of a state court litigation." Id.

While each circuit has a different expression of Brillhart, every approach addresses the same three overarching principles. Sherwin-Williams Co. v. Holmes  Cty., 343 F.3d 383, 390 (5th Cir. 2003).  The first principle looks at "the proper allocation of decision-making between state and federal courts." Id. at 390-91. The second principle addresses fairness by asking district courts to examine proper and improper reasons for forum selection and filing decisions. See id. at 391.  The last principle assesses efficiency, emphasizing the avoidance of "duplicative or piecemeal" litigation. Id.

## B. Abstention Standard

The Fifth Circuit's version of the Brillhart standard outlines seven nonexclusive factors for a district court to consider when deciding whether to dismiss a declaratory judgment action:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in

bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

Sherwin-Williams Co., 343 F.3d at 388 (quoting St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590-91 (5th Cir. 1994)).

### III. Discussion

In determining whether to exercise jurisdiction under Brillhart and Sherwin-Williams Co./Trejo, the court must consider the seven non-exclusive factors. Because they are nonexclusive, the court may also take into consideration other factors related to efficiency, fairness, and the proper allocation of decision-making.

**A. Trejo factors**

**1. Pending State Action**

There is a state action currently pending between the parties to this action. The court must determine whether the state action will provide an opportunity for the issues in this declaratory

judgment action to be fully litigated there.

Euler Hermes argues that this declaratory judgment action involves four loss claims with issues and policy provisions that are not a part of the state action.[29]   ILJIN counters that the first-filed state suit, while involving only the Tejas claim, addresses the same issue as this declaratory judgment action, as well as broader questions of policy interpretation.[30]

Although the state action centers around an allegedly disputed invoice from Tejas, there is a likelihood that the state court will have to address the question of indemnity presented in Euler Hermes' federal complaint.  If the state court finds that the invoice from Tejas is payable, it must then determine the amount that Euler Hermes is legally obligated to cover under the Policy in order to assess damages.  Because ILJIN and Tejas have reached a settlement agreement, this will require the state court to determine whether the maximum amount of indemnity under the Policy is the amount of the original claim or the amount of the settlement agreement.  This is the same question raised in this declaratory judgment action.

Because the question of indemnity will be determinated in the state action, this factor weighs in favor of dismissal.

**2. Anticipatory Filing**

---

[29]    See Doc. 19, Pl.'s Resp. to Def.'s Mot. to Dismiss pp. 1-2.

[30]    See Doc. 14, Def.'s Mot. to Dismiss pp. 3-4.

The second factor asks whether this action for declaratory judgment was filed in anticipation of a lawsuit filed by the defendant.  ILJIN argues that Euler Hermes filed suit in an anticipatory manner because Euler Hermes filed the action for declaratory judgment after it received a courtesy copy of the state action, but before service was effected.[31]  Euler Hermes argues that it filed the declaratory judgment action to resolve a coverage issue in an equitable manner and not for any unfair purpose.[32]

While Euler Hermes may have predicted that a similar suit would be filed in state court, "[d]eclaratory judgment actions often involve the permissible selection of a federal forum over an available state forum, based on the anticipation that a state court suit will be filed." Sherwin-Williams, 343 F.3d at 398.  This factor is neutral.

### 3. Forum Shopping

Related to anticipatory filing, the third factor looks at forum shopping to evaluate the principle of fairness.  ILJIN argues that Euler Hermes engaged in forum shopping by filing this action in federal court when the same issues of policy interpretation are present in the state action.[33]  Euler Hermes counters that the

---

[31]   See Doc. 20, Def.'s Reply in Support of Mot. to Dismiss p. 4.

[32]   See Doc. 19, Pl.'s Resp. to Def.'s Mot. to Dismiss p. 19.

[33]   See Doc. 20, Def.'s Reply in Support of Mot. to Dismiss p. 4.

9

federal action is a proper invocation of diversity jurisdiction.[34]

Indeed, filing in a federal forum to avoid the state court system "does not necessarily demonstrate impermissible forum selection . . . Rather, it states the traditional justification for diversity jurisdiction, to protect out-of-state defendants." Sherwin-Williams, 343 F.3d at 399 (quoting Chick Kam Choo v. Exxon Corp., 764 F.2d 148 (5th Cir. 1985)).   Therefore, this factor is neutral.

### 4. Possible Inequities

The fourth factor similarly addresses the principle of fairness.   ILJIN argues that carving out a single coverage issue for resolution in federal court will deprive it of its chosen forum in the state action.[35]   Euler Hermes again argues that it properly invoked this court's diversity jurisdiction to achieve resolution of the coverage issue without any unfair purpose.[36]

The first-filed action was filed in state court, and entertaining the declaratory judgment action in federal court would deprive ILJIN of its chosen forum to address the question of policy coverage.   This would lead to an inequity in the first-filed plaintiff's ability to select the forum.   This factor weighs in favor of dismissal.

---

[34]   See Doc. 19, Pl.'s Resp. to Def.'s Mot. to Dismiss p. 19.

[35]   See Doc. 20, Def.'s Reply in Support of Mot. to Dismiss p. 4.

[36]   See Doc. 19, Pl.'s Resp. to Def.'s Mot. to Dismiss p. 19.

### 5. Convenience

The fifth factor addresses whether the federal court is a convenient forum for parties and witnesses.  The state action is currently pending in Houston and so is the present federal action.  This factor is neutral.

### 6. Judicial Economy

The sixth factor asks whether entertaining the action would serve the purposes of judicial economy.  ILJIN argues that dismissing the case would best serve judicial economy because maintaining both actions would be redundant and a waste of judicial resources.[37]  Euler Hermes counters that because this action involves the sole issue of insurance coverage, this court could provide a more efficient forum.[38]

Because the policy issue regarding the maximum amount of indemnity will likely be addressed in the state action, hearing the declaratory judgment action while there is a parallel state proceeding would be an inefficient use of judicial resources.  It could also lead to conflicting outcomes and confusing results for the parties involved.  As such, this factor weighs in favor of dismissal.

### 7. State Judicial Decree

The federal court is not being called on to construe a state

---

[37]  See Doc. 20, Def.'s Reply in Support of Mot. to Dismiss p. 4.

[38]  See Doc. 19, Pl.'s Resp. to Def.'s Mot. to Dismiss p. 19.

judicial decree.  Thus, this factor is neutral.

**B. Other Considerations**

     Because the <u>Trejo</u> factors are non-exclusive, other considerations may be taken into account.  The potential for the parallel state action to answer the question presented in this action for declaratory judgment is of special concern.  While the state action only specifically addresses the transaction between ILJIN and Tejas, a judgment concerning the amount of indemnity and the extent of the obligation that Euler Hermes has, if any, on the Tejas claim could also impact the question of indemnity with regards to the invoices from three other ILJIN buyers present in this action.

     In addition, with the exception of Tejas, all other actions listed in the complaint between ILJIN and various buyers are currently pending.  Without any settlement agreements, the question of whether the Policy covers only the settlement amount or the full amount of the claim is not ripe.  In the event that these actions end in a judgment for the full amount of each claim, then the question would be moot.

     Finally, the court finds additional guidance from a case with similar facts and procedural history which resulted in dismissal of the declaratory judgment action. <u>Beaufort Dedicated No. 5, Ltd. v. USA Daily Exp., Inc.</u>, No. CIV.A. H-12-1923, 2012 WL 6608869 at *1 (S.D. Tex. Dec. 18, 2012)(unpublished).  In <u>Beaufort</u>, an insurance

company, Beaufort, issued a policy to Vintage to cover business property. Id. at *1.  After fire damaged the property, Vintage sought recovery under the policy, which was subsequently denied, resulting in a dispute between the two parties. Id. Beaufort filed first in federal court for breach of contract and declaratory judgment, and Vintage filed second in state court for breach of contract. Id.

Vintage filed a motion to dismiss the federal suit, arguing that, under the Brillhart and Trejo standards, the state court would be the more appropriate forum for the declaratory judgment action. Id. at *6.  The court found three of the Trejo factors to weigh in favor of dismissal: (1) the issues presented in the declaratory judgment may be fully resolved in state court; (2) Beaufort filed the declaratory judgment action in anticipation of the state court case; and (3) allowing the state court to preside over the entire dispute between the parties would best serve judicial economy. Id. at *10.

Similarly, the present dispute between ILJIN and Euler Hermes involves a pending state action in which the matters between the parties may be fully litigated, the potential for inequities in the first-filed plaintiff's ability to select a forum if the action is not dismissed, and concerns for judicial economy if both the state and federal actions are maintained.

Considerations of efficiency, fairness, and the proper

allocation of decision-making power lead the court to conclude that entertaining the action for declaratory judgment, at least at the present moment, would be improper.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that ILJIN's Motion to Dismiss be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 24th day of February, 2017.

U.S. MAGISTRATE JUDGE